UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA MCDANIEL, | No.  2:13-cv-2653 MCE AC PS |
| Plaintiff, | |
| v. | ORDER |
| DANIEL POWELL, ET AL., | |
| Defendants. | |

Pending before the court is plaintiff's motion for leave to file an amended complaint. Plaintiff makes this request after the court granted plaintiff's application to proceed in forma pauperis and directed her to submit documents necessary for service to the United States Marshal.[1]  See ECF No. 3.

A party may amend its pleading once as a matter of course within: (1) 21 days after serving it, or (2) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a) (1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

---

[1] On March 5, 2014, the Clerk of the Court served plaintiff by mail with all process, including the undersigned's order directing service, the undersigned's status order, a form for consent to trial by a magistrate judge, a summons for each defendant, and USM-285 Forms.  See ECF Nos. 4-5.

1

The court should freely grant leave when justice so requires.  Id.  "This policy is to be applied with extreme liberality."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation marks omitted).

Here, although plaintiff seeks leave to amend, she is in fact entitled to amend as a matter of right at this preliminary stage in the proceedings.  Accordingly, plaintiff's motion will be denied as moot, and the court will proceed with the amended complaint as the operative pleading.

Good cause appearing, IT IS ORDERED that:

1. Plaintiff's motion for leave to amend (ECF No. 7) is denied as moot;

2. Service is appropriate for the following defendants: Daniel Powell, John Vilnau, and the City of Davis Police Department.

3. Plaintiff is directed to supply the U.S. Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process of the first amended complaint, <u>and shall file a statement with the court that said documents have been submitted to the United States Marshal</u>.[2]  The court anticipates that, to effect service, the U.S. Marshal will require at least:

    a. One completed summons for each defendant;

    b. One completed USM-285 form for each defendant;

    c. One copy of the endorsed filed amended complaint for each defendant, with an extra copy for the U.S. Marshal;

    d. One copy of this court's status order for each defendant; and

    e. One copy of the instant order for each defendant.

4. In the event the U.S. Marshal is unable, for any reason whatsoever, to effectuate service on any defendant within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

---

[2] Plaintiff filed a document on March 19, 2014 suggesting that she submitted certain documents to the U.S. Marshal, but it is unclear what documents exactly were submitted.  See ECF No. 8.  Accordingly, in an abundance of caution, plaintiff shall re-serve all necessary documents outlined in this order on the U.S. Marshal when submitting the necessary copies of her amended complaint.

5. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

6. Failure to comply with this order may result in a recommendation that this action be dismissed.

DATED: April 11, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE