UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA MCDANIEL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DANIEL POWELL, ET AL.,<br><br>　　　　　Defendants. | No. 2:13-cv-2653 MCE AC PS<br><br>ORDER AND<br><u>FINDINGS AND RECOMMENDATIONS</u> |

　　　　On September 24, 2014, the court held a hearing on defendants' June 24, 2014 motion to dismiss. Plaintiff Tanya McDaniel appeared pro se. Alexander Hughes appeared for defendants Officer Daniel Powell, Officer John Vignau and the City of Davis Police Department (collectively "defendants"). On review of the motion, the documents filed in support and opposition, upon hearing the arguments of plaintiff and counsel and good cause appearing therefore, THE COURT FINDS AS FOLLOWS:

PROCEDURAL HISTORY

　　　　On December 26, 2013, plaintiff initiated this action pro se against defendants. ECF No. 1. On March 5, 2014, the court granted plaintiff's motion to proceed in forma pauperis and found service appropriate for all three defendants. ECF No. 3.

　　　　On March 17, 2014, plaintiff filed the operative first amended complaint. ECF No. 6. On March 19, 2014, plaintiff filed a motion for leave to file an amended complaint. ECF No. 7. On

1

1  April 14, 2014, the court issued an order denying as moot plaintiff's motion to amend and
2  explaining plaintiff was "entitled to amend as a matter of right at this preliminary stage in the
3  proceedings." ECF No. 9 at 2.  The order stated the court will proceed on the first amended
4  complaint as the operative pleading.  Id.

5  On June 24, 2014, defendants filed the instant motion to dismiss plaintiff's first amended
6  complaint.  ECF No. 13.  Defendants re-noticed the motion on July 7, 2014.  ECF No. 15.  On
7  July 23, 2014, plaintiff filed an opposition, ECF No. 16, and on September 17, 2014, defendants
8  field a reply, ECF No. 21.

9  In the interim, defendants filed a status report on July 30, 2014, for the then-scheduled
10  August 13, 2014 status conference.  ECF No. 17.  The status conference was vacated on August
11  1, 2014 in light of the pending motion to dismiss.  ECF No. 18.

12  On August 8, 2014, plaintiff filed a document styled as a motion to dismiss defendants'
13  motion to dismiss and a motion to reinstate plaintiff's first amended complaint.  ECF No. 20.

14  Following the September 24, 2014 hearing on the instant motion to dismiss, plaintiff filed
15  a second document styled as a motion to reinstate plaintiff's first amended complaint.  ECF No.
16  24.

17                                          LEGAL STANDARDS

18  The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)
19  is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d
20  578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the
21  absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police
22  Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a
23  claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555
24  (2007).  Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief
25  on the plaintiff's claims, even if the plaintiff's allegations are true.

26  In determining whether a complaint states a claim on which relief may be granted, the
27  court accepts as true the allegations in the complaint and construes the allegations in the light
28  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

1  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

2      The court may consider facts established by exhibits attached to the complaint. Durning

3  v. First Bos. Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts

4  which may be judicially noticed, Mullis v. U.S. Bankr. Ct., 828 F.2d 1385, 1388 (9th Cir. 1987),

5  and matters of public record, including pleadings, orders, and other papers filed with the court,

6  Mack v. S. Bay Beer Distribs., 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept

7  legal conclusions "cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d

8  618, 624 (9th Cir. 1981).

9                    ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

10      Plaintiff's first amended complaint alleges as follows. Plaintiff brings this action against

11  defendants under 42 U.S.C. § 1983 for "retaliating against [her] for exercise of constitutionally

12  protected speech." First Am. Compl. ("FAC") ¶ 1, ECF No. 6.

13      The actions giving rise to this matter were "directed against" plaintiff on July 26, 2013.

14  Id. ¶ 5. On that day, defendant Officer Vignau "performed a traffic stop on the vehicle being

15  driven by" plaintiff. Id. ¶ 10. The traffic stop lasted for approximately twenty minutes during

16  which time defendant Officer Powell was called "for backup." Id. ¶ 11. Plaintiff was issued a

17  parking citation, however "dash-cam video footage from the time of the incident recorded from

18  Officer Vignau's patrol car show [sic] that McDaniel's vehicle was not parked prior to the traffic

19  stop." Id. ¶ 12. Plaintiff asked why she was being detained and to leave but defendant officers

20  "provided no basis or explanation for the detention" and "refused her request to leave." Id. ¶ 13.

21  "During the course of the traffic stop, Officers Vignau and Powell yelled at and intimidated

22  McDaniel, which caused her to feel intimidated and fear for her safety." Id. ¶ 14.

23      Plaintiff has been diagnosed with post-traumatic stress disorder ("PTSD") and epilepsy.

24  Id. ¶ 15. Her PTSD "was caused, inter alia, by an incident on July 23, 2007 in which Officer

25  Powell unlawfully entered McDaniel's apartment and brutalized her repeatedly and without just

26  cause using a 'taser' weapon." Id. ¶ 16. Plaintiff's PTSD and epilepsy "were exacerbated by the

27  aggressive traffic stop on July 26, 2013." Id. ¶ 17. Following the July 26, 2013 traffic stop,

28  plaintiff attempted to process a complaint without success. Id. ¶ 18.

As a result of defendants' actions, plaintiff "suffered an unconstitutional deprivation of her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution." Id. ¶ 19. Defendants acted "negligently and with callous disregard for [plaintiff's] medical condition." Id. ¶ 20. "As a direct and proximate result of the Defendants violations of McDaniel's statutory and constitutional rights as described herein, McDaniel has suffered humiliation, embarrassment, fear, and mental and emotional anguish and distress, as well as violation to her protected rights under the Constitution . . . ." Id. ¶ 21.

Plaintiff sets forth seven separate causes of action: (1) unreasonable search and seizure; (2) "implementing and enforcing an unconstitutionally racially-based search and seizure policy;" (3) failure to properly train officers; (4) denial of due process and equal protection "for failure to properly process Plaintiff's complaint filed with" the Davis Police Department; (5) false imprisonment "for detaining Plaintiff without adequate cause or reasonable explanation;" (6) assault "against Defendants [sic] Officer Powell for using excessive force during the taser incident" on July 23, 2007; and (7) negligent infliction of emotional distress "for opprobrious conduct towards a person they knew had a disability *viz.* unlawful search and seizure, unreasonable detention, use of excessive force on 7-23-2007 (Tolling), use of combative statements, and severe intentional negligence from Davis, Ca. Police Department, following an assault that Ms. McDaniel endured in her home on 4-26-2005 (Tolling)." Id. at 5–6.

Plaintiff seeks damages, injunctive relief and reasonable costs. Id. at 6.

DISCUSSION

Defendants set forth a number of arguments in support of dismissing plaintiff's seven claims. Each argument is addressed separately below.

Plaintiff opposes in a lengthy opposition, which includes seventy-six pages of unmarked exhibits. ECF No. 16 at 69–144; see also ECF Nos. 20, 24. Plaintiff details a history of events leading up to the instant action. She states she was sexually assaulted in 2005 and feared for her safety as a result of the assault. Later in 2007, she contends that police officers assaulted her after "unlawfully entering" her apartment and "harassing and racially profiling her ex boyfriend [sic]." Id. at 38. As a result of the 2007 assault, she suffered, *inter alia*, post-traumatic stress disorder.

4

Then in 2013, plaintiff argues she was stopped for a traffic violation and the stop exasperated her disorder as a well as violated her constitutional rights. To the extent the court can discern plaintiff's arguments in opposition to the motion to dismiss, they are included in the court's analysis below.

A.      Claim One - Unreasonable Search and Seizure

Defendants seek dismissal of this claim and plaintiff's fifth claim for false imprisonment because plaintiff "cannot re-litigate the lawfulness of her detention." ECF No. 13-1 at 5. Defendants argue that plaintiff does not allege Officer Vignau "lacked probable cause to perform the traffic stop or issue the citation" and that the traffic court upheld the citation, finding plaintiff guilty of violating California Vehicle Code section 22507.8(c)(2).[1]  Id. Defendants rely on Heck v. Humphrey, 512 U.S. 477, 486–87 (1994), and argue that plaintiff may not maintain an unreasonable search and seizure or state law false imprisonment claim unless the traffic citation has been overturned. Defendants conclude that "[b]ecause plaintiff fails to allege the parking citation was overturned, she is estopped from challenging the lawfulness of her detention." ECF No. 13-1 at 5–6.

In opposition, plaintiff argues the citation is "in question" because the dash cam video footage "does not reflect such evidence of any citation." ECF No. 16 at 8. Plaintiff argues her Fourth Amendment "right to be free of unreasonable seizure was violated during the traffic stop" and "[i]t would strain credulity to conclude otherwise." Id. Plaintiff further argues unlike Hupp v. City of Walnut Creek, 389 F. Supp. 2d 1229 (N.D. Cal. 2005), and Heck, plaintiff "was wearing a 'seatbelt' and following traffic rules and regulations." Id. at 45. During the hearing, plaintiff conceded the citation was issued and her conviction for the violation has not been overturned.

The Fourth Amendment, which applies to the states through the Fourteenth Amendment,

---

[1] Defendants seek judicial notice of the traffic court ruling on plaintiff's traffic violation. ECF No. 13-3. Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of an adjudicative fact that is not subject to reasonable dispute because it is either (1) generally known or "(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The traffic court ruling can be determined "from sources whose accuracy cannot reasonably be questioned." Id. Accordingly, defendants' request for judicial notice is granted.

1  protects against unreasonable searches and seizures by law enforcement officers.  Mapp v. Ohio,
2  367 U.S. 643, 655 (1961).  Temporary detention of individuals during the stop of an automobile
3  by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure"
4  within the meaning of this provision.  See Delaware v. Prouse, 440 U.S. 648, 653 (1979).  An
5  automobile stop is thus subject to the constitutional imperative that it not be "unreasonable" under
6  the circumstances.  As a general matter, the decision to stop an automobile is reasonable where the
7  police have probable cause or reasonable suspicion to believe that a traffic violation has occurred.
8  See id. at 659; Pennsylvania v. Mimms, 434 U.S. 106, 109 (1977) (per curiam); Haynie v. County
9  of Los Angeles, 339 F.3d 1071, 1075 (9th Cir. 2003).

10  Here, plaintiff's allegation of unreasonable search and seizure fails to state a claim upon
11  which relief can be granted.  The traffic court ruling shows that defendant was found guilty of
12  violating California Vehicle Code section 22507.8(c)(2).[2]  ECF No. 13-3 at 4.  The conviction
13  thus establishes that a traffic violation had occurred.  Plaintiff's claim based on the fact of the
14  traffic stop is Heck-barred, because a finding that the officer lacked a legal basis for the stop
15  would necessarily imply the invalidity of the citation.  See Szajer v. City of Los Angeles, 632
16  F.3d 607, 611 (9th Cir. 2011) ("[I]f finding in favor of a § 1983 plaintiff 'would necessarily imply
17  the invalidity of his conviction or sentence . . . the complaint must be dismissed.'" (quoting Heck,
18  512 U.S. at 487)); see also Watters v. City of Cotati, 2011 WL 4853590, No. C 10–2574 SBA, at
19  * 5 (N.D. Cal. Oct. 13, 2011) (collecting cases).  Accordingly, plaintiff's claim that the stop itself
20  was unlawful is barred by Heck.  The claim must be dismissed, and cannot be cured by
21  amendment to the extent it is predicated on the fact or initial legality of the traffic stop.

22  However, to the extent plaintiff alleges that the traffic stop was unreasonable because
23  officers Vignau and Powell "yelled at and intimidated" her causing her to "fear for her safety,"
24  FAC ¶ 14, the claim is not barred by Heck.  This is because a holding that defendant Officers
25  Vignau and Powell detained plaintiff for an unreasonable length of time or in an unreasonable
26  manner, or intimidated her and caused her to fear for her safety, would not imply the invalidity of

---

[2] Section 22507.8(c)(2) makes it unlawful for any person to park or leave standing any vehicle "[i]n any area of the pavement adjacent to a parking stall or space designed for disabled persons or disabled veterans that is marked by crosshatched lines . . . ."  CAL. VEH. CODE § 22507.8(c)(2).

the traffic court ruling.  See Heck, 512 U.S. at 487 ("But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." (footnotes omitted)).  See, e.g., Beets v. County of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012) ("[A]n allegation of excessive force by a police officer would not be barred by Heck if it were distinct temporally or spatially from the factual basis for the person's conviction.").  Heck does not bar claims against police for conduct during an arrest or temporary seizure that is independent of the facts giving rise to a plaintiff's prior conviction.  See Smith v. City of Hemet, 394 F.3d 689, 698-99 (9th Cir.) (en banc), cert. denied, 545 U.S. 1128 (2005).

However, as noted above and discussed during the hearing, plaintiff's allegations regarding the misconduct giving rise to the unreasonable seizure are vague and conclusory. Therefore, this claim as pleaded must be dismissed for failure to state a claim upon which relief can be granted.  The dismissal, however, will be without prejudice insofar as the claim is based on intimidation by the officers during the course of the traffic stop.

B.      Claim Two - Unconstitutionally Racially-Based Search and Seizure Policy

Defendants argue that plaintiff's second claim fails to allege facts regarding what allegedly deficient policy caused plaintiff's injury.  ECF No. 13-1 at 6.  Plaintiff does not appear to address defendants' argument in her opposition.

With regard to plaintiff's allegation of a "racially-based" policy, The Equal Protection Clause of the Fourteenth Amendment provides that "no State shall . . . deny to any person within its jurisdiction equal protection of its laws."  U.S. CONST. amend. XIV, § 1.  This is "essentially a direction that all similarly situated persons should be treated alike."  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  The guarantee of equal protection is not a source of substantive rights or liberties, but rather "a right to be free from discrimination in statutory classifications and other governmental activity."  Williams v. Vidmar, 367 F. Supp. 2d 1265, 1270 (N.D. Cal. 2005).  "The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race." Washington v. Davis, 426 U.S. 229, 239 (1976).  In a § 1983 claim alleging a violation of equal

protection, a plaintiff "must prove that the defendant acted in a discriminatory manner and that the discrimination was intentional." Fed. Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991) (citing Stones v. Los Angeles Cmty. Coll. Dist., 796 F.2d 270, 275 (9th Cir. 1986)) (additional citations omitted). In other words, to prove an equal protection violation, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. Thornton v. City of St. Helens, 425 F.3d 1158, 1166–67 (9th Cir. 2005).

Here, plaintiff fails to allege any instance of racial animus or articulate any basis for a claim of disparate treatment. To the extent plaintiff seeks to allege an equal protection violation based on alleged racial profiling of her ex-boyfriend, ECF No. 16 at 38, this allegation fails for lack of standing. Plaintiff cannot bring a claim based on alleged discrimination on behalf of another individual. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992) ("the plaintiff must have suffered an 'injury in fact'"). Plaintiff fails to allege defendants acted with an intent or purpose to discriminate against her based upon membership in a protected class. Thornton, 425 F.3d at 1166–67. Therefore, this claim must be dismissed for failure to state a claim upon which relief can be granted.

C.     Claim Three - Failure to Properly Train Officers

Defendant the City of Davis Police Department argues that plaintiff "does not identify any training the defendant-officers lacked," and this claim should therefore be dismissed. ECF No. 13-1 at 7. Plaintiff does not appear to address this argument in her opposition.

A municipality's failure to train its employees may create § 1983 liability where the "failure to train amounts to deliberate indifference to the rights of persons with whom the [employees] come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989); Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001). "The issue is whether the training program is adequate and, if it is not, whether such inadequate training can justifiably be said to represent municipal policy." Long, 442 F.3d at 1186. "A plaintiff alleging a failure to train claim must show: (1) he was deprived of a constitutional right, (2) the municipality had a training policy that 'amounts to

deliberate indifference to the [constitutional] rights of the persons' with whom [its police officers] are likely to come into contact;' and (3) his constitutional injury would have been avoided had the municipality properly trained those officers." Young v. City of Visalia, 687 F. Supp. 2d 1141, 1148 (E.D. Cal. 2009) (quoting Blankenhorn v. City of Orange, 485 F.3d 463, 484 (9th Cir. 2007)).

Here, other than her bare assertion of a lack of proper training, plaintiff does not set forth any allegations regarding the training policy at issue or that it amounts to deliberate indifference of her constitutional rights. Accordingly, this claim must be dismissed for failure to state a claim upon which relief can be granted.

D.  Claim Four - Denial of Due Process and Equal Protection

Defendant the City of Davis Police Department argues plaintiff's fourth claim fails to allege facts demonstrating a protected liberty or property interest and should therefore be dismissed. ECF No. 13-1 at 8. Plaintiff does not appear to address this argument in her opposition.

A litigant alleging a due process violation must first demonstrate she was deprived of a liberty or property interest protected by the Due Process Clause and then show the procedures attendant upon the deprivation were not constitutionally sufficient. Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459–60 (1989). As noted, "[t]o state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Thornton, 425 F.3d at 1166–67.

Here, plaintiff alleges a violation of her due process and equal protection rights "for failure to properly process [her] complaint filed with" the Davis Police Department. FAC at 5. However, other than her bare allegation of harm, plaintiff fails to set forth any allegations regarding the processing of her complaint. Plaintiff merely alleges she "attempted to process a complaint with the [Davis Police Department] and other agencies but was denied relief." FAC ¶ 18. Plaintiff also fails to allege she was treated differently based upon membership in a

protected class or that any of the City of Davis Police Department's acts regarding the processing of the complaint resulted in the deprivation of a liberty or property interest. Accordingly, this claim must be dismissed for failure to state a claim upon which relief can be granted.

E.     Claim Five - False Imprisonment

Defendants first argue that plaintiff's fifth through seventh causes of action should be dismissed because plaintiff fails to allege compliance with the California Tort Claims Act, which "requires the presentation of a claim for money or damages to a public entity as a prerequisite for litigation against that entity or its employees." ECF No. 13-1 at 3–4.

With regard to the California Tort Claims Act, plaintiff argues that she "timely filed administrative tort claims for the events and incidents" and "Administrative Claims with the City of Davis . . . were filed from Plaintiff, timely, from various dates of and between June 2009 – March 2014." ECF No. 16 at 12, 38, 54; see also id. at 114 (e-mail correspondence from plaintiff to Yolo County District Attorney regarding the July 23, 2007 incident); id. at 122 (verified claim against City of Davis alleging police negligence in 2005 and policy abuse in 2007).[3]

The California Tort Claims Act requires that before a person may seek money damages against a public entity for personal injury, she must present a timely written claim for damages to the entity. See Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). When defendants are public employees, the plaintiff must also submit a written claim to the public entity that employs them. CAL. GOV. CODE § 945.4, 950.2. The claim must be filed within six months of the accrual of the cause of action. CAL. GOV. CODE § 911.2(a). Presentation of a written claim and action on or rejection of the claim are conditions precedent to suit. California v. Super. Ct. (Bodde), 32 Cal. 4th 1234, 1240 (2004); Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209 (2007). Compliance with the Tort Claims Act is an element of the cause of action, Bodde, 32 Cal. 4th at 1240, is required, Mangold, 67 F.3d at 1477, and therefore "failure to file a claim is fatal to a cause of action," Hacienda La Puente Unified Sch. Dist. of Los Angeles v.

---

[3] Plaintiff cites 28 U.S.C. § 2401(b), which is part of the Federal Tort Claims Act. That statute applies to tort actions against the United States governments. Claims brought against California public entities, whether pursued in state or federal court, are subject to the California Tort Claims Act.

1  Honig, 976 F.2d 487, 495 (9th Cir. 1992); City of Stockton v. Super. Ct., 42 Cal.4th 730,738

2  (2007).  "California statutes or ordinances which condition the right to sue the sovereign upon

3  timely filing of claims and actions are . . . elements of the plaintiff's cause of action and

4  conditions precedent to the maintenance of the action."  Bodde, 32 Cal. 4th at 1240 (quoting

5  Williams v. Horvath, 16 Cal. 3d 834, 840 (1976)).

6       Here, plaintiff fails to sufficiently plead compliance with the state exhaustion procedures

7  or present a written claim with her first amended complaint, which is a required element of her

8  claim.  Bodde, 32 Cal. 4th at 1240.  While plaintiff states in her opposition that she filed

9  complaints between June 2009 and March 2014, ECF No. 16 at 12, plaintiff's false imprisonment

10 claim appears to relate to the July 2013 traffic stop, see FAC at 5.  Therefore, any administrative

11 complaints filed before July 2013 are irrelevant.  Moreover, the verified claim attached to

12 plaintiff's opposition, ECF No. 16 at 122, was received on March 17, 2014, which is beyond the

13 mandatory six month filing deadline for compliance with the California Tort Claims Act.  See

14 CAL. GOV. CODE § 911.2(a).  Finally, bare allegations that the California Tort Claims Act has

15 been followed are insufficient.  Young, 687 F. Supp. 2d at 1152.  Because plaintiff has not

16 identified or produced any specific complaint that satisfies the California Tort Claims Act., the

17 claim must be dismissed.

18 F.     Claim Six – Assault Against Defendant Officer Powell

19      As noted, plaintiff alleges assault "against Defendants [sic] Officer Powell for using

20 excessive force during the taser incident" on July 23, 2007.  FAC at 5.

21      Defendant Officer Powell argues that plaintiff's allegations are barred by the statute of

22 limitations because they are based on an incident that took place in 2007.  ECF No. 13-1 at 4.

23 Alternatively, defendant argues plaintiff's assault claim should be dismissed for failure to satisfy

24 the California Tort Claims Act.  Id. at 3–4.

25      Plaintiff argues that she "seeks her right to proceed with Tolling Laws, from ongoing

26 harassment crimes and severe Intentional (Gross) Negligence" by defendant the Davis Police

27 Department "arising from an assault (rape) crime committed against the Plaintiff on 4-26-2005."[4]

28 _____
[4] The court notes it does not appear plaintiff is alleging the 2005 sexual assault was committed by

11

1  ECF No. 16 at 9. Plaintiff claims she seeks the "'tolling law' because of her medical conditions
2  and unavailability to obtain an attorney." Id. Plaintiff argues in favor of tolling because of her
3  "medical reasons and reasons of injustices upon" her rights. Id. at 54. Plaintiff also argues
4  defendant Officer Powell and an unnamed Officer MacNiven assaulted her in her home on July
5  23, 2007, using a taser gun. Id. at 13–14.

6  Assault is the "unlawful attempt, coupled with a present ability, to commit a violent injury
7  on the person of another. Tekle v. United States, 511 F.3d 839, 855 (9th Cir. 2007). The
8  elements of a civil assault under California law are: (1) defendant acted with intent to cause
9  harmful or offensive contact, or threatened to touch plaintiff in a harmful or offensive manner;
10  (2) plaintiff reasonably believed she was about to be touched in a harmful or offensive manner or
11  it reasonably appeared to plaintiff that defendant was about to carry out the threat; (3) plaintiff did
12  not consent to defendant's conduct; (4) plaintiff was harmed; and (5) defendant's conduct was a
13  substantial factor in causing plaintiff's harm. Yun Hee So v. Sook Ja Shin, 212 Cal. App. 4th
14  652, 669 (2013).

15  With regard to the statute of limitations, federal civil rights statutes have no independent
16  limitations period. Johnson v. California, 207 F.3d 650, 653 (9th Cir. 2000); Taylor v. Regents of
17  the Univ. of Cal., 993 F.2d 710, 711 (9th Cir. 1993) (California's statute of limitations for
18  personal injury actions governs claims brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1985);
19  McDougal v. County of Imperial, 942 F.2d 668, 673–674 (9th Cir. 1991) ("suits under § 1985(3)
20  are also best characterized as personal injury actions and are governed by the same statute of
21  limitations as actions under § 1983"); Abreu v. Ramirez, 284 F. Supp. 2d 1250, 1257 (C.D. Cal.
22  2003). The applicable limitations period is determined by borrowing the forum state's limitations
23  period for personal injuries. Johnson, 207 F.3d at 653; Abreu, 284 F. Supp. 2d at 1257. Section
24  1983 and related federal civil rights claims "are best characterized as personal injury actions."
25  Wilson v. Garcia, 471 U.S. 261, 280 (1985). Under California Code of Civil Procedure section
26  335.1 the limitations period for personal injury actions is two years. Abreu, 284 F. Supp. 2d at

27  ─────────
28  defendants. See ECF No. 16 at 21 (plaintiff believes a person identified as "Stoney's Cousin" sexually assaulted her in her apartment on April 26, 2005).

1255.

Federal law "determines when a federal cause of action accrues, despite the fact that state law determines the relevant statute of limitations." Wetzel v. Lou Ehlers Cadillac Group, 189 F.3d 1160, 1163 (9th Cir. 1999). Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996). "Generally, the statute of limitations begins to run when a potential plaintiff knows or has reason to know of the asserted injury." De Anza Props. X, Ltd. v. County of Santa Cruz, 936 F.2d 1084, 1086 (9th Cir. 1991). Just as state law determines the applicable limitations period, state law also determines the applicability of tolling doctrines in civil rights actions when it is not inconsistent with federal law. Hardin v. Straub, 490 U.S. 536 (1989); Johnson, 207 F.3d at 653; Abreu, 284 F. Supp. 2d at 1257.

Here, plaintiff alleges Officer Powell assaulted her in 2007. However, there is nothing in her first amended complaint or her opposition to indicate she did not have reason to know of the alleged injury in 2007. In opposition, plaintiff argues she should be entitled to equitable tolling because of her medical conditions and her inability to obtain an attorney. California Code of Civil Procedure section 352(a) provides for tolling if a person is a minority or insane at the time the cause of action accrued. For purposes of the tolling provision, "the term 'insane' has been defined as a condition of mental derangement which renders the sufferer incapable of caring for his property or transacting business, or understanding the nature or effects of his acts." Hsu v. Mt. Zion Hosp., 259 Cal. App. 2d 562, 571 (1968). Post-traumatic stress disorder, however, does not count as "insanity" that tolls the limitations period. Snyder v. Boy Scouts of America, 205 Cal. App. 3d 1318, 1324 (1988).

Plaintiff seeks tolling of her 2007 assault claim based on her medical conditions that include post-traumatic stress disorder. California's tolling doctrine does not provide for tolling under these alleged circumstances. Nor does California's tolling doctrine provide for tolling while a party attempts to obtain counsel. Accordingly, plaintiff's claim is time barred and must be dismissed with prejudice.

Because the court finds this argument dispositive, it will not address defendant's

remaining arguments regarding this claim.

////

### G.     Claim Seven - Negligent Infliction of Emotional Distress

Defendants argue that plaintiff's "negligent infliction of emotional distress claim fails because she fails to allege Officers Powell and Vignau owed her a duty or breached that duty." ECF No. 13-1 at 8.  Alternatively, as noted, defendants argue that plaintiff's assault claim should be dismissed for failure to satisfy the California Tort Claims Act.  Id. at 3–4.  Finally, defendants argue this claim should be dismissed as barred by the statute of limitations.  Id. at 4–5.  Plaintiff does not appear to address these arguments in her opposition.

California does not recognize an independent cause of action for the negligent infliction of emotional distress.  The California Supreme Court "[has] repeatedly recognized that the negligent causing of emotional distress is not an independent tort, but the tort of negligence." Burgess v. Super. Ct., 2 Cal. 4th 1064, 1072 (1992) (internal citations and quotations omitted); see also Cramer v. Consol. Freightways, Inc., 209 F.3d 1122, 1133 (9th Cir. 2000) ("The tort of negligent infliction of emotional distress is simply a negligence claim alleging that the defendant breached a duty to protect the plaintiff's mental well-being."); Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 984 (1993) ("[T]here is no independent tort of negligent infliction of emotional distress.").  "The elements of a cause of action for negligence are well established.  They are (a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach is the proximate or legal cause of the resulting injury." Ladd v. County of San Mateo, 12 Cal. 4th 913, 917 (1996) (internal citations, quotations and emphasis omitted); see also Truong v. Nguyen, 156 Cal. App. 4th 865, 875 (2007).  "The existence of a duty is the threshold element of a negligence cause of action." Friedman v. Merck & Co., 107 Cal. App. 4th 454, 463 (2003).  "The determination of duty is a question of law." Hall v. Super. Ct., 108 Cal. App. 4th 706, 711 (2003).

Here, plaintiff's first amended complaint fails to state a cognizable negligence claim because it does not allege facts suggesting that the defendants owed her any duty or breached any such a duty.  Moreover, as discussed above, plaintiff fails to sufficiently allege compliance with the California Tort Claims Act.  Accordingly, plaintiff's claim must be dismissed.

It is unclear whether plaintiff's claim here is based on defendants' alleged misconduct during the 2007 confrontation or the 2013 traffic stop. Out of an abundance of caution the court will recommend leave to amend this claim. However, plaintiff is advised that if her claim is based on the 2007 incident it is subject to the two year statute of limitations discussed above.

## CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that defendants' request for judicial notice, ECF No. 13-3, is granted.

Further, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss, ECF No. 13, be granted;

2. Plaintiff's sixth claim based on the alleged 2007 assault be dismissed with prejudice as time barred;

3. Plaintiff be granted leave to amend the remaining claims against defendants; and

4. Plaintiff's motions to reinstate her amended complaint, ECF Nos. 20, 24, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

DATED: October 22, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

15