UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA MCDANIEL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DANIEL POWELL, et al.,<br><br>　　　　　Defendants. | No. 2:13-cv-02653-MCE-AC<br><br><br>ORDER |

On February 4, 2015, the court held a hearing on defendants' motion to dismiss. Plaintiff Tanya McDaniel appeared in pro per and Serena M. Warner appeared on behalf of defendants. On review of the motions, the documents filed in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

PROCEDURAL BACKGROUND

On December 26, 2013, plaintiff filed her original complaint pro se against defendants, along with an application to proceed in forma pauperis. ECF Nos. 1 & 2. On March 5, 2014, the court granted plaintiff's motion to proceed in forma pauperis and found service appropriate for all three defendants. ECF No. 3.

On March 17, 2014, plaintiff filed a first amended complaint ("FAC"). ECF No. 6. On March 19, 2014, plaintiff filed a motion for leave to file an amended complaint. ECF No. 7. On

1  April 14, 2014, the court issued an order denying as moot plaintiff's motion to amend and
2  explaining plaintiff was entitled to amend "as a matter of right" at this stage in the proceedings.
3  ECF No. 9 at 2.  Accordingly, the order deemed the FAC to be the operative pleading. Id.  On
4  October 23, 2014, the undersigned issued an order and findings and recommendations that
5  recommended plaintiff's sixth claim for assault be dismissed without leave to amend as time
6  barred, and dismissed her remaining claims with leave to amend.  ECF No. 25.  Those findings
7  and recommendations were adopted in full by the district judge on November 21, 2014.  ECF No.
8  29.

9  On December 10, 2014, plaintiff filed the operative second amended complaint
10 (hereinafter "SAC" or "Complaint").  ECF No. 31.  On the same day, plaintiff filed objections to
11 the undersigned's findings and recommendations.  ECF No. 32.  On December 24, 2014,
12 defendants filed a motion to dismiss plaintiff's SAC, arguing that (1) the majority of the facts
13 alleged by plaintiff cannot form the basis of a § 1983 claim because those claims would be barred
14 by the statute of limitations; (2) plaintiff's state law causes of action are barred by the California
15 Tort Claims Act ("CTCA"); (3) plaintiff's sixth cause of action for assault was dismissed with
16 prejudice and therefore cannot be brought in an amended complaint; (4) all of plaintiff's new
17 claims should be dismissed for failure to obtain the court's leave; and (5) plaintiff has otherwise
18 failed to allege facts sufficient to state a claim.  ECF No. 34.  That motion was re-noticed in front
19 of the undersigned pursuant to the district judge's order on December 30, 2014.  ECF No. 36.

20 On January 13, 2015, plaintiff filed a motion for leave to file an amended complaint,
21 along with an opposition to defendants' motion to dismiss.  ECF Nos. 37 & 38.  On January 21,
22 2015, plaintiff filed a motion requesting that the court waive all transcript fees, as well as allow
23 plaintiff to record the court's proceedings and invite the media (hereinafter "Motion for
24 Miscellaneous Relief").  ECF No. 39.  On January 26, 2015, the court denied plaintiff's motion
25 for leave to file an amended complaint as well as her Motion for Miscellaneous Relief.  ECF No.
26 40. On January 28, 2015, defendants filed a reply to plaintiff's opposition to the motion to
27 dismiss.  ECF No. 41.

28 On February 2, 2015, plaintiff filed a motion styled as a reply to defendants' reply, as well

2

1   as a reply to the undersigned's January 26, 2015, order denying plaintiff's Motion for
2   Miscellaneous Relief.  ECF No. 42.  On February 3, 2015, plaintiff filed a notice of the filing of
3   documents that lists the contents of a CD submitted to the court.  ECF No. 43.  That document
4   lists as the CD's contents: (1) "Pic ref. channel 3 media 'the beast;'" (2) "Terrorism ref. of isis
5   and nazis;" (3) "God and a ref to a holy war or the sanctification, ref think 'bears'; I think that
6   means, think California;" (4) "Similar themes and ref Obama;" and (5) "Ref protestant church,
7   etc, and making ref to violating citizens privacy rights."  Id.

## PLAINTIFF'S ALLEGATIONS

9   Plaintiff's Complaint, which is thirty-six (36) pages long and primarily single spaced,
10  contains a variety of allegations seemingly unrelated to her claims against defendants.  See, e.g.,
11  ECF No. 31 at 26 (alleging that plaintiff has unfairly been denied medical care from doctors with
12  relatives who deal drugs).  Those allegations that are directed against defendants primarily
13  concern conduct outside of § 1983's two year statute of limitations.  See, e.g., id. at 4 (alleging
14  that Officer Powell unlawfully entered plaintiff's apartment on July 23, 2007, and tazed her
15  without cause); see also Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (noting California's
16  two-year statute of limitations for personal injury actions applies to § 1983 claims).

17  Plaintiff seems to be attempting to link these events to her July 26, 2013, traffic stop, ECF
18  No. 31 at 2, on the theory that the City of Davis Police Department has displayed a pattern or
19  practice of abusing her and disregarding her complaints.  However, this statute of limitations
20  theory is unconvincing.  § 1983 claims generally accrue "'as soon as the allegedly wrongful
21  [conduct] occur[s].'"  Guerrero-Melchor v. Arulaid, No. C07-853-RAJ, 2008 WL 539054, at *3
22  (W.D. Wash. Feb. 22, 2008) (quoting Wallace v. Kato, 549 U.S. 384, 388 (2007)).  Although
23  plaintiff mentions the doctrine of equitable tolling in her complaint, ECF No. 31 at 33–34, she
24  does not allege facts suggesting that equitable tolling would apply.  Accordingly, the court will
25  not discuss in detail allegations plaintiff makes concerning conduct that occurred before
26  December 26, 2011 (two years before the filing of her federal claim).

27  Plaintiff's only non-time barred factual allegations relate to her July 26, 2013, traffic stop.
28  Plaintiff alleges that on July 26, 2013, defendant Officer Vignau "performed a traffic stop" on

her. Id. at 3.  The traffic stop lasted for approximately twenty minutes, during which time defendant Officer Powell was called "for backup." Id.  Plaintiff was issued a parking citation, however "dash-cam video footage from the time of the incident recorded from Officer Vignau's patrol car show [sic] that McDaniel's vehicle was not parked prior to the traffic stop." Id. Plaintiff asked why she was being detained and asked to leave but Officers Vignau and Powell "provided no basis or explanation for the detention" and "refused her request to leave." Id. "During the course of the traffic stop, Officers Vignau and Powell yelled at and intimidated McDaniel, which caused her to feel intimidated and fear for her safety." Id. at 4.

Plaintiff has been diagnosed with post-traumatic stress disorder ("PTSD") and epilepsy. Id.  Her PTSD "was caused, inter alia, by an incident on July 23, 2007 in which Officer Powell unlawfully entered McDaniel's apartment and brutalized her repeatedly and without just cause using a 'taser' weapon." Id.  Plaintiff's PTSD and epilepsy "were exacerbated by the aggressive traffic stop on July 26, 2013." Id.  Following the July 26, 2013 traffic stop, plaintiff attempted to process a complaint without success.  Id.

As a result of defendants' actions, plaintiff alleges that she has "suffered an unconstitutional deprivation of her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution." Id.  Plaintiff alleges that defendants acted "negligently and with callous disregard for [her] medical condition." Id.  Finally, plaintiff alleges that "[a]s a direct and proximate result of the Defendants violations of [her] statutory and constitutional rights as described herein, McDaniel has suffered humiliation, embarrassment, fear, and mental and emotional anguish and distress, as well as violation to her protected rights under the Constitution . . . ." Id.

STANDARDS GOVERNING MOTION TO DISMISS

A.  Rule 12(b)(6): Legal sufficiency of the complaint

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotation marks omitted).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged

4

under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555 56), construe those allegations in the light most favorable to the plaintiff, Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011) (citing Twombly, 550 U.S. 544), and resolve all doubts in the plaintiff's favor, Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010) (citing Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738 (1976)). The court need not accept as true, legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011).

////

B. Rule 8: Brevity

A key consideration applicable to this complaint is that the federal rules contemplate brevity. Specifically, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim"). Plaintiff's claims must be set forth simply, concisely, and directly. Fed. R. Civ. P. 8(d)(1) ("[e]ach allegation must be simple, concise and direct"); McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) ("[t]he Federal Rules require that averments 'be simple, concise, and direct'").

The courts do grant leeway to pro se plaintiffs in construing their pleadings. See, e.g., Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995) ( "Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong."). Even with leeway and liberal construction, however, the complaint must not force the court and the defendant to guess at what is being alleged against whom, require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit," or require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." McHenry, 84 F.3d at 1179. An excessively long and repetitive pleading, containing much narrative and story-telling, naming many defendants and other named individuals who may or may not be defendants, and with no clear statement of which individuals did what, very likely will result in dismissal of the case, with or without a motion to dismiss. See 28 U.S.C. § 1915(e)(2)(B)(2); Fed. R. Civ. P. 8(d).

## DISCUSSION

A. The Complaint Fails To Comply With Rule 8

Although the court is aware that defendants have put effort into disentangling plaintiff's complaint, the court will dismiss plaintiff's Complaint solely for its failure to comply with Rule 8 of the Federal Rules of Civil Procedure, and not for the reasons set forth in defendant's motion. As the court explained at its February 4, 2015, hearing, plaintiff's Complaint does not contain a

short and plain statement of the claims showing that she is entitled to relief. Plaintiff's Complaint includes more than thirty (30) single spaced pages containing allegations against not only defendants but against a number of other individuals not named in her Complaint. Plaintiff's allegations as to individuals not named in her Complaint do not have any obvious relevance to any of her claims. Further, plaintiff has included in her allegations conduct by defendants that, as the court pointed out in its previous order dismissing her first amended complaint, occurred outside of the statute of limitations for § 1983 claims. Moreover, much of plaintiff's Complaint is difficult to read, as it is primarily presented as one single paragraph, spread over thirty-six (36) pages, with no spacing or indentations to separate one thought, paragraph or claim from another. It is impossible to determine with any confidence which allegations are asserted in relation to which claims for relief.

Determining from this Complaint what claims plaintiff is making, which allegations support which claims, and which allegations are asserted against which defendants (as opposed to unidentified others), would be excessively time-consuming for the court, and in the end the court would not know that it was correctly interpreting the Complaint. Defendants have attempted to disentangle the Complaint and make their best guess as to what claims are asserted. However, the Ninth Circuit has recognized the dangers of proceeding with such a complaint:

> As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiff filed, and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected.

McHenry, 84 F.3d at 1179-80.

For example, plaintiff's Complaint includes three pages of legal references prior to her actual claims. ECF No. 31 at 30–32. These references include citations to Section 806 of the Sarbanes-Oxley Act, the Americans with Disabilities Act ("ADA"), and Title VI. Id. However, the court has no way of knowing whether plaintiff seeks relief under these statutes or simply cites them in support of other, unspecified claims. The references to these statutes are not related to

any particular factual allegations.  In addition, plaintiff's complaint incorporates into each of her claims the entirety of the preceding thirty-four (34) pages.  ECF No. 31 at 35.  "Allegations . . . which incorporate each preceding paragraph, regardless of relevancy, are not permitted.  This practice has been harshly criticized as a form of 'shotgun pleading' that violates Rule 8's requirement of a 'short and plain statement' and interferes with the court's ability to administer justice."  Destfino v. Kennedy, No. CVF081269LJODLB, 2009 WL 63566, at *4 (E.D. Cal. Jan. 8, 2009) aff'd sub nom. Destfino v. Reiswig, 630 F.3d 952 (9th Cir. 2011) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1129–1130 (11th Cir.2001)).  If plaintiff decides to amend her Complaint she must allege facts supporting each element of her causes of action beneath each separately identified claim.

The Complaint will therefore be dismissed for failure to comply with Fed. R. Civ. P. 8.  However, plaintiff will be granted leave to file an amended complaint.  Plaintiff is cautioned that if she chooses to file an amended complaint, she must submit a short and plain statement demonstrating how the conditions or actions she complains of have injured her, and that she is entitled to relief under the laws she cites.  In short: (1) the amended complaint must clearly identify what actions the defendants took that injured her, (2) the court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant, and (3) the charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

The amended complaint should contain separately numbered, clearly identified claims – for example, "I. Unreasonable Search and Seizure," "II. Equal Protection Violation," "III. Procedural Due Process Violation."[1]  An amended complaint must also show that the federal court has jurisdiction, that the action is brought in the right place, that plaintiff is entitled to relief if her allegations are true, and the amended complaint must contain a request for particular relief.

Defendants' motion to dismiss makes clear that they intend to challenge plaintiff's state law claims on the grounds that plaintiff has not complied with the CTCA.  Under the CTCA, a

---

[1] Further guidance regarding the necessary elements of plaintiff's claims is provided in the next section of this discussion.

1  plaintiff may not maintain an action for damages against a public entity unless a written claim has
2  first been presented to the appropriate entity and has been acted upon by that entity before filing
3  suit in court. See Cal. Gov't Code §§ 905, 945.4, 950.2; Mangold v. California Pub. Utilis.
4  Comm'n., 67 F.3d 1470, 1477 (9th Cir. 1995). A plaintiff must present her claim to the
5  appropriate government entity "not later than six months after the accrual of the cause of action."
6  Cal. Gov't Code §§ 905, 911.2, 945.4. State law tort causes of action generally accrue when the
7  wrongful act is committed. Collins v. County of Los Angeles, 241 Cal. App. 2d 451, 454, 458
8  (1966). "Complaints that do not allege facts demonstrating either that a [tort] claim was timely
9  presented or that compliance with the claims statute is excused are subject to [dismissal]." Shirk
10 v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209 (2007). In order to avoid needless motion
11 practice the court expects plaintiff to take the CTCA into account in drafting any amended
12 complaint. Doing so requires that plaintiff allege when she filed a claim with the City of
13 Stockton, if any, as well as what allegations she made in that claim.

14      In addition, the allegations of the complaint must be set forth in sequentially numbered
15 paragraphs, with each paragraph number being one greater than the one before, each paragraph
16 having its own number, and no paragraph number being repeated anywhere in the complaint.
17 Each paragraph should be limited "to a single set of circumstances" where possible. Fed. R. Civ.
18 P. 10(b). Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid
19 narrative and storytelling. That is, the complaint should not include every detail of what
20 happened, nor recount the details of conversations (unless necessary to establish the claim), nor
21 give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should
22 contain only those facts needed to show how the defendant legally wronged the plaintiff.

23      Also, the court cannot refer to a prior pleading in order to make plaintiff's amended
24 complaint complete. An amended complaint must be complete in itself without reference to any
25 prior pleading. E.D. Cal. R. 220. This is because, as a general rule, an amended complaint
26 supersedes the original complaint. See Pacific Bell Telephone Co. v. Linkline Communications,
27 Inc., 555 U.S. 438, 456 (2009) ("Normally, an amended complaint supersedes the original
28 complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556 57 (2d

1  ed.1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the

2  involvement of each defendant must be sufficiently alleged.

3        B.      <u>Legal Standards Governing Plaintiff's Claims</u>

4        As discussed at hearing on the motion, the court will briefly outline the legal standards

5  governing the claims that plaintiff attempts to state.  An amended complaint must provide a

6  concise statement of facts as to each of these claims.  In order to proceed with any claim, plaintiff

7  must in her amended complaint make factual allegations that are sufficient to establish each of the

8  elements of that claim.

9        1.      <u>Claim One: Unreasonable Search and Seizure</u>

10        The Fourth Amendment, which applies to the states through the Fourteenth Amendment,

11  protects against unreasonable searches and seizures by law enforcement officers.  <u>Mapp v. Ohio</u>,

12  367 U.S. 643, 655 (1961).  Temporary detention of individuals during the stop of an automobile

13  by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure"

14  within the meaning of this provision.  <u>See</u> <u>Delaware v. Prouse</u>, 440 U.S. 648, 653 (1979).  As a

15  general matter, the decision to stop an automobile is reasonable where the police have probable

16  cause or reasonable suspicion to believe that a traffic violation has occurred.  <u>See</u> <u>Pennsylvania v.</u>

17  <u>Mimms</u>, 434 U.S. 106, 109 (1977) (per curiam); <u>Haynie v. County of Los Angeles</u>, 339 F.3d

18  1071, 1075 (9th Cir. 2003).

19        Where a plaintiff asserts a claim of excessive force in violation of the Fourth Amendment

20  courts must engage in "a careful balancing of 'the nature and quality of the intrusion on the

21  individual's Fourth Amendment interests' against the countervailing governmental interests at

22  stake." <u>Fontana v. Haskin</u>, 262 F.3d 871, 880 at 880 (9th Cir. 2001) (citing <u>Graham v. Connor</u>,

23  490 U.S. 386, 396 (1989)).  However, some police actions amount to a de minimis level of

24  imposition with which the Constitution is not concerned.  <u>Endsley v. Luna</u>, 750 F. Supp. 2d 1074,

25  1096 (C.D. Cal. 2010) <u>aff'd</u>, 473 F. App'x 745 (9th Cir. 2012) (holding that a defendant pulling a

26  chair out from under a plaintiff who was trying to recline constitutes a de minimis use of force).

27  Accordingly, in order to state a claim for relief plaintiff must allege facts showing that defendants

28  used an unreasonable level of force in light of the governmental interests at stake.

### 2. Claim Two: Racially-Based Search and Seizure Policy

The Equal Protection Clause of the Fourteenth Amendment provides that "no State shall . . . deny to any person within its jurisdiction equal protection of its laws." U.S. Const. amend. XIV, § 1. This is "essentially a direction that all similarly situated persons should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). The guarantee of equal protection is not a source of substantive rights or liberties, but rather "a right to be free from discrimination in statutory classifications and other governmental activity." Williams v. Vidmar, 367 F. Supp. 2d 1265, 1270 (N.D. Cal. 2005). "The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race." Washington v. Davis, 426 U.S. 229, 239 (1976). In a § 1983 claim alleging a violation of equal protection, a plaintiff "must prove that the defendant acted in a discriminatory manner and that the discrimination was intentional." Fed. Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991) (citing Stones v. Los Angeles Cmty. Coll. Dist., 796 F.2d 270, 275 (9th Cir. 1986)) (additional citations omitted). In other words, to prove an equal protection violation, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. Thornton v. City of St. Helens, 425 F.3d 1158, 1166–67 (9th Cir. 2005).

### 3. Claim Three: Failure to Properly Train Officers

A municipality's failure to train its employees may create § 1983 liability where the "failure to train amounts to deliberate indifference to the rights of persons with whom the [employees] come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989); Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001). To state a § 1983 claim based on a failure to properly train plaintiff must show: "(1) [she] was deprived of a constitutional right, (2) the municipality had a training policy that 'amounts to deliberate indifference to the [constitutional] rights of the persons' with whom [its police officers] are likely to come into contact;' and (3) [her] constitutional injury would have been avoided had the municipality properly trained those officers." Young v. City of Visalia, 687 F. Supp. 2d 1141, 1148 (E.D. Cal. 2009) (quoting

1  Blankenhorn v. City of Orange, 485 F.3d 463, 484 (9th Cir. 2007)).

          4.      Claim Four: Denial of Due Process and Equal Protection

"A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." Wedges/Ledges of Cal., Inc. v. City of Phoenix, 24 F.3d 56, 62 (9th Cir. 1994). A protected property interest giving rise to a procedural due process claim generally requires that the "individual has a reasonable expectation of entitlement deriving from existing rules or understandings that stem from an independent source such as state law." Id. "'A reasonable expectation of entitlement is determined largely by the language of the statute and the extent to which the entitlement is couched in mandatory terms.'" Id. (quoting Assoc. of Orange Cnty. Deputy Sheriffs v. Gates, 716 F.2d 733, 734 (9th Cir. 1983)). Although procedural requirements ordinarily do not transform a unilateral expectation into a protected property interest, such an interest is created "if the procedural requirements are intended to be a significant substantive restriction on . . . decision making." Goodisman v. Lytle, 724 F.2d 818, 820 (9th Cir.1984) (citations omitted).

Accordingly, in order to state a claim plaintiff must allege that a protected property interest of hers has been violated using a process that foregoes procedural requirements meant to be a significant substantive restriction on decision making. Goodisman, 724 F.2d at 820.

          5.      Claim Five: False Imprisonment

The tort of false imprisonment consists of the "nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short." Fermino v. Fedco, Inc., 7 Cal. 4th 701, 715 (1994); Shoyoye v. County of Los Angeles, 203 Cal. App. 4th 947, 962 (2012). Accordingly, to state a claim for false imprisonment plaintiff must allege that defendants (1) intentionally confined her, (2) without her consent, (3) and without lawful privilege, (4) for some appreciable amount of time. Fermino, 7 Cal. 4th at 715.

          6.      Claim Seven: Negligent Infliction of Emotional Distress

A negligent infliction of emotional distress ("NIED") claim is a negligence cause of action where emotional distress results from threatened physical injury. Potter v. Firestone Tire & Rubber Co., 6 Cal.4th 965, 984–85 (1993). To state a cause of action for NIED plaintiff must

plead that: (1) defendants owed her a duty of care; (2) their actions breached their duty; and (3) the breach threatened physical injury which resulted in her suffering emotional distress. See Ladd v. County of San Mateo, 12 Cal. 4th 913, 917 (1996).[2]

### C. Plaintiff's Sixth Cause of Action (Assault) Has Already Been Dismissed Without Leave to Amend

Plaintiff's assault claim was previously dismissed with prejudice as time-barred. ECF No. 29. Nevertheless, plaintiff's SAC includes a claim of assault against Officer Powell, presumably for his conduct at the July 23, 2013, traffic stop. ECF No. 31 at 35. Plaintiff cannot bring an assault claim against Officer Powell, as the court has already dismissed it without leave to amend. If plaintiff chooses to file an amended complaint she should not include this claim for assault. If she does, the court will simply strike it.

### D. Plaintiff's Sur-Reply and Notice of Document Filing

After briefing on this motion was complete, plaintiff filed a document styled as a reply to defendants' reply to plaintiff's opposition. ECF No. 41. The filing appears to be a sur-reply. A sur-reply is not authorized by the Local Rules or by the Federal Rules of Civil Procedure, although it may be allowed where appropriate:

> While the Local Rules provide for a motion, an opposition, and a reply, neither the Local Rules nor the Federal Rules provide the right to file a surreply. See E.D. Cal. R. 230(b)-(d), ( 1 ). A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005).

Norwood v. Byers, 2013 WL 3330643, at *3 (E.D. Cal.) (Claire, M.J.) (granting the motion to strike the sur-reply because "defendants did not raise new arguments in their reply that necessitated additional argument from plaintiff, plaintiff did not seek leave to file a surreply before actually filing it, and the arguments in the surreply do not alter the analysis below"), adopted, 2013 WL 5156572 (E.D. Cal. 2013).

Here, defendants did not raise new arguments in their reply brief, and plaintiff did not

---

[2] Contrary to plaintiff's assertion, law enforcement officers do not have a duty to protect the public from harm. Williams v. State of California, 34 Cal. 3d 18, 24 (1983).

seek leave to file a sur-reply. Therefore, plaintiff's sur-reply will play no role in the analysis of the dismissal motion. Plaintiff's sur-reply also includes a "reply" to the court's January 26, 2015, order denying plaintiff's Motion for Miscellaneous Relief. In plaintiff's reply, she argues that the court wrongly denied her request. However, as the court explained at hearing on the motion to dismiss, its order denying plaintiff's Request for Miscellaneous Relief was not a recommendation to the district judge to which objection is proper. Nor is a sur-reply to a motion the proper vehicle for seeking reconsideration of a pretrial ruling. Motions for Reconsideration are governed by Local Rules 230(j) and 303(c).[3] To seek reconsideration of a pretrial ruling, plaintiff must comply with the procedures set forth in those rules. Accordingly, plaintiff sur-reply will be disregarded and stricken.

On February 3, 2015, one day after plaintiff filed her sur-reply, she also filed a notice of filing documents in paper. ECF No. 43. At the court's February 4, 2015, hearing plaintiff explained that she filed a CD with the court containing the media listed on the notice. Counsel for defendant then stated that it was never served with such a CD. Plaintiff must ensure that all documents filed with the court are properly served upon defendants. Although Local Rule 135(a) provides for electronic service of documents filed with the court, the court cannot electronically serve video submissions. Accordingly, the court will order plaintiff to properly serve upon defendants everything filed concurrently with her notice of filing documents in paper, ECF No. 43, in accordance with Federal Rule of Civil Procedure 5.

CONCLUSION

Because the undersigned has determined that the complaint must be dismissed with leave to amend under Rule 8, and no claims are being dismissed with prejudice at this time, Findings and Recommendations to the district judge are not necessary. See 28 U.S.C. § 636(b)(1)(A). Plaintiff is informed that she need not file Objections with the district judge in order to preserve

---

[3] Local Rule 230(j) applies where a party seeks reconsideration by the magistrate judge of the magistrate judge's own order. Local Rule 303(c) applies where a party seeks reconsideration by the district judge of a magistrate judge's order on a non-dispositive matter. Neither rule applies when the magistrate judge issues Findings and Recommendations, to which the parties are provided an opportunity to object.

14

any issue.

For the reasons set forth above, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss (ECF No. 34) is GRANTED, and plaintiff is granted thirty (30) days to file a Second Amended Complaint that complies with Rule 8 and cures the defects identified above;

2. The court sua sponte orders plaintiff's sur-reply (ECF No. 42) STRICKEN, and the Clerk of the Court is directed to strike ECF No. 42 from the docket; and

3. Plaintiff must properly serve defendants with everything filed concurrently with her notice of filing documents in paper (ECF No. 43).

DATED: February 17, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE