UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TANYA MCDANIEL,

          Plaintiff,

    v.

DANIEL POWELL, et al.,

          Defendants.

No.  2:13-cv-02653-MCE-AC

FINDINGS & RECOMMENDATIONS

On May 27, 2015, the court held a hearing on defendants' motion to dismiss.  Plaintiff Tanya McDaniel appeared in pro per and Lance Martin specially appeared on behalf of defendants.  On review of the motion, the documents filed in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

PROCEDURAL BACKGROUND

On December 26, 2013, plaintiff initiated this action pro se against defendants and filed a motion to proceed in forma pauperis.  ECF Nos. 1, 2.  The court granted plaintiff's motion and found service appropriate for all three defendants on March 5, 2014.  ECF No. 3.

On March 17, 2014, plaintiff filed a first amended complaint ("FAC").  ECF No. 6. Plaintiff then filed a motion for leave to amend on March 19, 2014.  ECF No. 7.  On April 14, 2014, the court issued an order denying as moot plaintiff's motion to amend and explaining

1

1  plaintiff was entitled to amend as a matter of right at that stage in the proceedings.  ECF No. 9.

2  On June 24, 2014, defendants filed a motion to dismiss plaintiff's FAC.  ECF No. 13.  On

3  November 21, 2014, the court recommended that plaintiff's claim for assault be dismissed

4  without leave to amend, and ordered that her remaining claims be dismissed with leave to amend.

5  ECF No. 25.  The findings and recommendations were adopted in full by the district judge on

6  November 21, 2014.  ECF No. 29.

7       On December 10, 2014, plaintiff filed her second amended complaint ("SAC").  ECF No.

8  31.  Defendants then filed a motion to dismiss the SAC on December 24, 2014.  ECF No. 34.

9  The court granted the motion on grounds of failure to include a short and plain statement in

10  accordance with Rule 8(a), and granted plaintiff leave to amend, on February 17, 2015.  ECF No.

11  47.[1]

12       On March 17, 2015, plaintiff filed her third amended complaint ("TAC").  ECF No. 46.

13  Defendants moved to dismiss plaintiff's TAC on March 31, 2015.  ECF No. 47.  Plaintiff then

14  filed a self-styled motion seeking to submit exhibits in support of her TAC on the same day.  ECF

15  No. 48.  The court construed this as a motion for leave to amend, and as such denied it on April 6,

16  2015, for failure to comply with Local Rule 137(c).  ECF No. 49.  Despite the court's order

17  plaintiff then filed approximately 100 pages of exhibits with the court on April 7, 2015.  ECF No.

18  50.  Plaintiff did not include with these exhibits any explanation of how they are related to the

19  allegations in her TAC.  Accordingly, the court declines to consider these exhibits.

20       On April 13, 2015, plaintiff requested a 30-day extension of time to file an opposition to

21  defendants' motion to dismiss.  ECF No. 51.  The court granted plaintiff's request on April 16,

22  2015.  ECF No. 52.  On May 12, 2015, plaintiff filed a timely opposition.  ECF No. 53.

23  Defendants filed a reply on May 20, 2015.  ECF No. 54.  On the day of the court's hearing, May

24  27, 2015, plaintiff also filed a motion for leave to amend, ECF No. 55, which the court denied for

25  

26  [1] The court's order instructed plaintiff to file a second amended complaint within 30 days in error. ECF No. 45 at 15.  The order should have instructed plaintiff to file a third amended

27  complaint ("TAC") because a second amended complaint had already been filed.  Accordingly, even though plaintiff entitled her TAC "second amended complaint" in accordance with the

28  court's order, the court will refer to it as her TAC to avoid confusion.

2

1    failure to comply with Local Rule 137(c), ECF No. 57.

2                    ALLEGATIONS OF THE THIRD AMENDED COMPLAINT

3            Plaintiff's TAC is shorter and clearer than her SAC, as well as more focused on facts

4    relevant to her claims.  Nevertheless, it is still lengthy and difficult to follow.  Plaintiff's TAC

5    begins with a description of a ticket she was given by the Davis Police Department.  Plaintiff

6    alleges that on July 26, 2013, at approximately 9:30 p.m. defendant Officer Vignau stopped

7    plaintiff while she was in her car and about to leave a parking lot in North Davis.  ECF No. 46 at

8    3.  Officer Vignau said hello to plaintiff but she ignored him, as he had startled her.  Id.  Plaintiff

9    then pulled out of her parking space and began driving away, but Officer Vignau followed her

10   and stopped her at the exit of the lot.  Id.  Officer Vignau then got out of his car and asked to see

11   plaintiff's license and registration.  Id.  Plaintiff asked Officer Vignau why she was being

12   stopped.  Id.  Plaintiff does not allege whether Officer Vignau responded to her request for an

13   explanation; however, she states that she believes she was stopped for not responding to Officer

14   Vignau when he greeted her.[2]  Id.

15           Plaintiff alleges that she feared for her safety during this stop because she is "a multiracial

16   woman, on SSDI and alone in a dark parking lot with a male cop whom [sic] is scaring her."  Id.

17   Officer Vignau then told plaintiff that she was detained and called defendant Officer Powell for

18   backup.  Id.  After Officer Powell arrived Officer Vignau walked back and forth between his car

19   and plaintiff's, apparently because he did not know how to properly give plaintiff a citation.  Id.

20   The traffic stop lasted for approximately twenty minutes total.  Id.  Plaintiff also alleges that both

21   Officer Vignau and Officer Powell yelled at her during the traffic stop, although she does not

22   explain what they said or why they might be yelling.  Id. at 4.

23           Plaintiff goes on to describe in varying degrees of detail more than a dozen occasions,

24   spanning almost a decade, on which officers of the Davis Police Department engaged in conduct

25   that allegedly violated plaintiff's constitutional rights.  ECF No. 46 at 6–10.  It is unclear whether

26   _____

27   [2]  Defendants, on the other hand, state in their motion to dismiss that plaintiff was stopped for
     illegally parking in a disabled parking space.  ECF No. 47-1 at 7.  Defendants' explanation of the
     stop is supported by a traffic court ruling this court took judicial notice of in its November 21,
28   2014, findings and recommendations.  ECF No. 29 at 5 n.1.

                                                    3

1  plaintiff means to bring claims against defendants based on these events, or is simply using them

2  as evidence of the Davis Police Department's alleged unconstitutional policies.  To the extent

3  plaintiff means to assert claims against defendants based on the conduct alleged, most of them are

4  barred by § 1983's two year statute of limitations.[3]  See id. at 6–8; see also Jones v. Blanas, 393

5  F.3d 918, 927 (9th Cir. 2004) (noting California's two-year statute of limitations for personal

6  injury actions applies to § 1983 claims).

7       Those that aren't time barred are described with such brevity that they could not form the

8  basis of any claim.  For example, plaintiff alleges that in the Spring of 2013, plaintiff was

9  "stopped and harassed" by "DPD officer Pendrose," who called for backup as she was leaving.

10  ECF No. 46 at 9.  Plaintiff also alleges in general terms that the Davis Police Department (or its

11  officers and employees) stalked, prank called, and harassed her, as well as violated her privacy

12  rights, and misused sirens in violation of Davis's noise ordinance.  Id. at 8.  Finally, plaintiff

13  alleges that the Davis Police Department has ignored her complaints regarding the criminal

14  activity of third parties a number of times.  The court will address these allegations below in

15  section IV.

16                    LEGAL STANDARDS

17       The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)

18  is to test the legal sufficiency of the complaint.  North Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d

19  578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the

20  absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police

21  Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a

22  claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

23  ───────────────────

24  [3]  Plaintiff does allege that she filed numerous complaints with the Davis Police Department, all of which were denied.  ECF No. 46 at 10–11.  This could entitle her to equitable tolling if she

25  established that she was pursuing them in good faith.  Thomas v. Gilliland, 115 Cal. Rptr. 2d 520, 525 (2002).  However, although plaintiff alleges when she filed these claims, she does not specify

26  when they were denied.  ECF No. 46 at 10–11.  Without that information plaintiff cannot meet the burden of showing that equitable tolling saves her claims.  See Aryeh v. Canon Bus.

27  Solutions, Inc., 55 Cal. 4th 1185, 1197 (2013) (holding that once a defendant has established a claim is barred by the statute of limitations the burden shifts to the plaintiff to show that an

28  exception applies).

1   (2007).  Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief

2   on the plaintiff's claims, even if the plaintiff's allegations are true.

3        In determining whether a complaint states a claim on which relief may be granted, the

4   court accepts as true the allegations in the complaint and construes the allegations in the light

5   most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

6   United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

7        The court may consider facts established by exhibits attached to the complaint.  Durning

8   v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts

9   which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388

10  (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed

11  with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  The

12  court need not accept legal conclusions "cast in the form of factual allegations."  Western Mining

13  Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

14                              DISCUSSION

15  I.      Claim One: Unreasonable Search and Seizure

16       The court finds that plaintiff fails to allege facts sufficient to state a § 1983 claim based on

17  the violation of her Fourth Amendment rights.

18       The Fourth Amendment, which applies to the states through the Fourteenth Amendment,

19  protects against unreasonable searches and seizures by law enforcement officers.  Mapp v. Ohio,

20  367 U.S. 643, 655 (1961).  Temporary detention of individuals during the stop of an automobile

21  by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure"

22  within the meaning of this provision.  See Delaware v. Prouse, 440 U.S. 648, 653 (1979).  As a

23  general matter, the decision to stop an automobile is reasonable where the police have probable

24  cause or reasonable suspicion to believe that a traffic violation has occurred.  See Pennsylvania v.

25  Mimms, 434 U.S. 106, 109 (1977) (per curiam); Haynie v. County of Los Angeles, 339 F.3d

26  1071, 1075 (9th Cir. 2003).

27  ////

28  ////

1    The traffic court ruling attached to defendants' June 24, 2014 motion to dismiss shows

2  that plaintiff was found guilty of violating California Vehicle Code § 22507.8(c)(2).[4]  ECF No.

3  13-3 at 4.  The conviction thus establishes that a traffic violation occurred.  As the court explained

4  in its order dismissing plaintiff's first amended complaint, ECF No. 25 at 6, plaintiff's claim

5  based on the fact of the traffic stop is Heck-barred, because a finding that the officer lacked a

6  legal basis for the stop would necessarily imply the invalidity of the citation.  See Szajer v. City

7  of Los Angeles, 632 F.3d 607, 611 (9th Cir. 2011) ("[I]f finding in favor of a § 1983 plaintiff

8  'would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be

9  dismissed.'" (quoting Heck, 512 U.S. at 487)); see also Watters v. City of Cotati, 2011 WL

10  4853590, No. C 10–2574 SBA, at * 5 (N.D. Cal. Oct. 13, 2011) (collecting cases).

11    To the extent that plaintiff is alleging that defendants used excessive force in violation of

12  the Fourth Amendment, she has failed to allege facts sufficient to state a claim.  Assessing the

13  constitutionality of police action generally requires "a careful balancing of 'the nature and quality

14  of the intrusion on the individual's Fourth Amendment interests' against the countervailing

15  governmental interests at stake.'"  Fontana v. Haskin, 262 F.3d 871, 880 (9th Cir. 2001) (citing

16  Graham v. Connor, 490 U.S. 386, 396 (1989)).  However, some police actions amount to a de

17  minimis level of imposition with which the Constitution is not concerned.  Endsley v. Luna, 750

18  F. Supp. 2d 1074, 1096 (C.D. Cal. 2010) aff'd, 473 F. App'x 745 (9th Cir. 2012) (holding that a

19  defendant pulling a chair out from under a plaintiff who was trying to recline constitutes a de

20  minimis use of force).  Plaintiff does not allege that any officers on the scene of her traffic stop

21  used any force beyond that required to stop her.  Plaintiff alleges that Officers Vignau and Powell

22  yelled at and intimidated her during the traffic stop, exacerbating her PTSD and epileptic

23  conditions.  ECF No. 46 at 4.  However, raised voices do not amount to a use of force sufficient

24  to form the basis of a constitutional violation.  Nor does the reasonableness of the officers'

25  conduct turn on the subjective effects of that conduct on plaintiff.  Accordingly, plaintiff fails to

26  allege facts sufficient to state a § 1983 claim for violation of her Fourth Amendment rights.

27    [4]  Section 22507.8(c)(2) makes it unlawful for any person to park or leave standing any vehicle

28  "[i]n any area of the pavement adjacent to a parking stall or space designed for disabled persons or disabled veterans that is marked by crosshatched lines . . . ."  CAL. VEH. CODE § 22507.8(c)(2).

II.     Claim Two: Racially-Based Search and Seizure

Plaintiff also fails to allege facts sufficient to state a § 1983 claim based on the Equal Protection Clause.

The Equal Protection Clause of the Fourteenth Amendment provides that "no State shall . . . deny to any person within its jurisdiction equal protection of its laws."  U.S. Const. amend. XIV, § 1.  This is "essentially a direction that all similarly situated persons should be treated alike."  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  The guarantee of equal protection is not a source of substantive rights or liberties, but rather "a right to be free from discrimination in statutory classifications and other governmental activity."  Williams v. Vidmar, 367 F. Supp. 2d 1265, 1270 (N.D. Cal. 2005).  "The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race."  Washington v. Davis, 426 U.S. 229, 239 (1976).  In a § 1983 claim alleging a violation of equal protection, a plaintiff "must prove that the defendant acted in a discriminatory manner and that the discrimination was intentional."  Fed. Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991) (citing Stones v. Los Angeles Cmty. Coll. Dist., 796 F.2d 270, 275 (9th Cir. 1986)) (additional citations omitted).  In other words, to prove an equal protection violation, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.  Thornton v. City of St. Helens, 425 F.3d 1158, 1166–67 (9th Cir. 2005).

Although plaintiff alleges that she is a "[m]ultiracial [w]oman, with disabilities," ECF No. 46 at 2, she does not allege any facts showing that Officers Powell or Vignau acted against her with racial animus; indeed, she does not allege that they acted against her with racial animus at all.  The allegations that plaintiff is "multiracial" and that she was mistreated by officers do not in combination support an inference of race-based discrimination.  Accordingly, plaintiff has not alleged facts sufficient to state a § 1983 claim based on the violation of her Fourteenth Amendment rights.

III.    Claim Three: Failure to Properly Train Officers

Plaintiff has also failed to allege facts sufficient to state a § 1983 claim based on the Davis

7

1   Police Department's failure to properly train.

2          A municipality's failure to train its employees may create § 1983 liability where the

3   "failure to train amounts to deliberate indifference to the rights of persons with whom the

4   [employees] come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989); Long v.

5   County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006); Lee v. City of Los Angeles, 250

6   F.3d 668, 681 (9th Cir. 2001). "A plaintiff alleging a failure to train claim must show: (1) he was

7   deprived of a constitutional right, (2) the municipality had a training policy that 'amounts to

8   deliberate indifference to the [constitutional] rights of the persons' with whom [its police officers]

9   are likely to come into contact;' and (3) his constitutional injury would have been avoided had the

10  municipality properly trained those officers." Young v. City of Visalia, 687 F. Supp. 2d 1141,

11  1148 (E.D. Cal. 2009) (quoting Blankenhorn v. City of Orange, 485 F.3d 463, 484 (9th Cir.

12  2007)).

13         The court informed plaintiff in its order dismissing her FAC that in order to state a claim

14  based on the failure to properly train she must allege more than a bare assertion that training was

15  inadequate. ECF No. 25 at 8–9. Despite being given two opportunities to amend, plaintiff has

16  failed to correct this deficiency in her TAC. Plaintiff does not set forth any allegations regarding

17  the training policy at issue or explain why it would amount to deliberate indifference to her

18  constitutional rights. Plaintiff seems to believe that the Davis Police Department's mission

19  statement, "to protect and serve," creates a duty on behalf of the department to respond to her

20  calls and that the department's failure to do so constitutes a policy that violates her constitutional

21  rights. ECF No. 46 at 16. Plaintiff does not explain, however, how it is the Davis Police

22  Department's mission statement relates to her constitutional rights.

23         In light of the foregoing, the court finds that plaintiff has not alleged facts sufficient to

24  state a § 1983 claim based on the Davis Police Department's failure to properly train its officers.

25     IV.    Claim Four: Denial of Due Process and Equal Protection

26         Plaintiff has also failed to state a claim for denial of her due process or equal protection

27  rights based on the Davis Police Department's treatment of her complaints.

28         A litigant alleging a due process violation must first demonstrate she was deprived of a

8

1    liberty or property interest protected by the Due Process Clause and then show the procedures

2    attendant upon the deprivation were not constitutionally sufficient.  Kentucky Dep't of Corr. v.

3    Thompson, 490 U.S. 454, 459–60 (1989).  As noted, "[t]o state a § 1983 claim for violation of the

4    Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with

5    others similarly situated, and that the defendants acted with an intent or purpose to discriminate

6    against the plaintiff based upon membership in a protected class."  Thornton, 425 F.3d at 1166–

7    67.

8            Plaintiff alleges that she filed many administrative claims with the Davis Police

9    Department and that they were all wrongly denied.  ECF No. 46 at 10–11.  Plaintiff does not

10   explain how the denials constitute a procedural denial of due process, other than to say that her

11   claims were denied despite her inclusion of ample evidence of defendants' alleged harassment.

12   Id.  She does not identify any process that was due and that was not provided.  Nor does plaintiff

13   allege that defendants acted with discriminatory animus, as the court has already noted.

14   Accordingly, plaintiff has failed to state facts sufficient to state a claim based on violations of her

15   procedural due process or equal protection rights.

16           Plaintiff has also failed to state a claim for violation of her due process rights based on the

17   Davis Police Department's failure to respond to her emergency calls.  Plaintiff alleges that the

18   Davis Police Department has failed to adequately respond to her emergency calls a number of

19   times since December 26, 2011.  ECF No. 46 at 8–9.  However, in general, the state is not liable

20   for its omissions.  See DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195

21   (1989).  As the Supreme Court stated in DeShaney:

22           [N]othing in the language of the Due Process Clause itself requires
             the State to protect the life, liberty, and property of its citizens. . . .
23           The Clause is phrased as a limitation on the State's power to act,
             not as a guarantee of certain minimal levels of safety and security.
24           It forbids the State itself to deprive individuals of life, liberty, or
             property without "due process of law," but its language cannot
25           fairly be extended to impose an affirmative obligation on the State
             to ensure that those interests do not come to harm through other
26           means.

27       489 U.S. at 195.

28

                                                9

1    There are two exceptions to the general rule that a state's failure to protect an individual

2    from danger does not constitute a violation of the Due Process Clause.  Huffman v. County of Los

3    Angeles, 147 F.3d 1054, 1058 (9th Cir. 1998).  First, the "special relationship" exception states

4    that "when the State takes a person into its custody and holds him there against his will, the

5    Constitution imposes some responsibility for [that person's] safety and general well-being."

6    Huffman, 147 F.3d at 1058–59 (internal quotation omitted) (alteration in original).  The second

7    exception to the DeShaney rule—the "danger creation" exception—"exists where the state

8    affirmatively places the plaintiff in a dangerous situation."  Id. at 1059.  The "'danger creation'

9    basis for a claim . . . necessarily involves affirmative conduct on the part of the state in placing

10   the plaintiff in danger."  L.W. v. Grubbs, 974 F.2d 119, 121 (9th Cir. 1992); id. at 1059.

11   Plaintiff never alleges that her due process rights were violated while she was in the

12   State's custody.  Although plaintiff does allege that defendants acted affirmatively in ways that

13   put her in danger, for example by assaulting her in her own home, such allegations all arise from

14   incidents that occurred outside of the statute of limitations for § 1983 claims or, alternatively, are

15   so vague that they could not possibly form the basis of a claim.  Accordingly, the court finds that

16   plaintiff has not alleged facts sufficient to state a § 1983 claim for violation of her Due Process

17   rights.

18   V.    _Monell_ Claims

19   The court will also dismiss plaintiff's § 1983 claims against the Davis Police Department

20   because plaintiff does not allege the existence of any policy, practice, or custom that caused her

21   alleged constitutional violations.

22   To state a claim under § 1983 against a public entity not personally involved in a

23   constitutional violation, a plaintiff must allege a constitutional injury resulting from a "policy,

24   practice, or custom of the local entity."  Avalos v. Baca, 517 F. Supp. 2d 1156, 1162 (C.D. Cal.

25   2007) (citing Monell v. Dep't of Soc. Srvs., 436 U.S. 658, 694 (1978)).  This type of claim can be

26   asserted on three different bases.  First, a public entity may be held liable when "implementation

27   of . . . official policies or established customs inflicts the constitutional injury."  Clouthier v.

28   County of Contra Costa, 591 F.3d 1232, 1249 (9th Cir. 2010) (quoting Monell, 436 U.S. at 708

1   (Powell, J., concurring)).  Second, such liability may arise when a failure to act amounts to

2   "deliberate indifference to a constitutional right."  Id. (internal quotation marks omitted).  Third,

3   this type of liability may arise when "an official with final policy-making authority . . . ratifies a

4   subordinate's unconstitutional decision or action and the basis for it."  Id. (quoting Gillette v.

5   Delmore, 979 F.2d 1342, 1346–47 (9th Cir. 1992)).  Regardless of the theory underlying the

6   plaintiff's claim, however, the plaintiff must provide "sufficient allegations of underlying facts to

7   give fair notice and to enable the opposing party to defend itself effectively."  AE ex rel.

8   Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652

9   F.3d 1202, 1216 (9th Cir. 2011)).

10          Even if plaintiff had alleged some unconstitutional conduct by either Officer Vignau or

11  Powell, she would still have failed to state a claim against the Davis Police Department because

12  she does not allege a department policy caused her constitutional rights to be violated.  Although

13  plaintiff alleges that she is a woman, and a person of color, she does not allege that a policy

14  existed that targeted her for belonging to those groups.  At the court's hearing on May 27, 2015,

15  the undersigned gave plaintiff the opportunity to explain what policy, if any, the Davis Police

16  Department had that caused her constitutional rights to be violated.  Plaintiff did not articulate

17  any such policy.[5]  Accordingly, even if plaintiff had stated claims against Officers Vignau and

18  Powell her claims against the Davis Police Department would still be dismissed.

19          VI.    State Law Claims

20          In light of the court's recommendation that plaintiff's federal claims be dismissed, it also

21  recommends declining to exercise jurisdiction over plaintiff's supplemental state law claims.  See

22  28 U.S.C. § 1367 ("The district courts may decline to exercise supplemental jurisdiction over a

23  claim under subsection (a) if . . . the district court has dismissed all claims over which it has

24  original jurisdiction"); Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir.)

25  supplemented, 121 F.3d 714 (9th Cir. 1997).

26  ─────────────────────
    [5]  Plaintiff did cite California Penal Code § 830.33(c)(i).  However, that specific subsection does
27  not exist.  What's more, § 830.33 defines who qualifies as a peace officer under California law, it
    does not provide any policy that could have caused the alleged violations of plaintiff's
28  constitutional rights.

1    The court notes in this context that none of plaintiff's state law claims appear viable.  The

2    claim of false imprisonment fails because it requires confinement without lawful privilege,

3    <u>Fermino v. Fedco, Inc.</u>, 7 Cal. 4th 701, 715 (1994), and the adjudication of the parking ticket

4    establishes that the traffic stop was not without lawful privilege.  The claim of negligent infliction

5    of emotional distress fails because negligence requires the existence of a duty owed by the

6    defendant to the plaintiff.  <u>Potter v. Firestone Tire & Rubber Co.</u>, 6 Cal. 4th 965, 984-85 (1993);

7    <u>Ladd v. County of San Mateo</u>, 12 Cal. 4th 913, 917 (1996).  Law enforcement officers do not

8    have a duty to protect individual members of the public that can support a negligence claim.

9    <u>Williams v. State of California</u>, 34 Cal. 3d 18, 24 (1983).[6]

10   VI.    Leave to Amend

11   The court will recommend granting defendants' motion to dismiss without leave to amend

12   because further amendment would be futile.  "[F]ederal courts are instructed to 'freely give leave

13   [to amend] when justice so requires.'"  <u>Zucco Partners, LLC v. Digimarc Corp.</u>, 552 F.3d 981,

14   1007 (9th Cir. 2009).  District courts, however, may deny leave to amend "due to 'undue delay,

15   bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

16   amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

17   the amendment, [and] futility of amendment.'"  <u>Leadsinger, Inc. v. BMG Music Pub.</u>, 512 F.3d

18   522, 532 (9th Cir. 2008).  "[W]here the plaintiff has previously been granted leave to amend and

19   has subsequently failed to add the requisite particularity to its claims, '[t]he district court's

20   discretion to deny leave to amend is particularly broad.'"  <u>Zucco Partners, LLC</u>, 552 F.3d at 1007.

21   Despite being given two opportunities to amend plaintiff has yet to allege facts that would

22   support a claim that defendants violated her constitutional rights.  The court finds that in light of

23   plaintiff's repeated failure to allege facts sufficient to state a claim against defendants,

24   amendment would be futile.  Accordingly, the court will recommend that defendants' motion to

25   dismiss be granted without leave to amend.

26
     ---
27   [6] Here again, plaintiff confuses the overarching law enforcement mission of protecting the public
     with a legally-enforceable duty to her personally.  The general law enforcement "duty" to protect
     and serve is owed to the public at large; it is not the same thing as a "duty" owed to individuals
28   and recognized by the law of negligence.  <u>See</u> <u>Williams</u> 34 Cal. 3d at 23-24 & n.3.

1

CONCLUSION

2      In light of the foregoing, THE COURT HERBY RECOMMENDS that defendants'

3 motion to dismiss, ECF No. 47, be granted without leave to amend.

4      These findings and recommendations are submitted to the United States District Judge

5 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

6 after being served with these findings and recommendations, plaintiff may file written objections

7 with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

8 and Recommendations."  Plaintiff is advised that failure to file objections within the specified

9 time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

10 (9th Cir. 1991).

11 DATED: June 3, 2015

12

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13