UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA MCDANIEL, | No.  2:13-cv-02653-MCE-AC |
| Plaintiff, | |
| v. | ORDER |
| DANIEL POWELL, et al., | |
| Defendants. | |

This matter is before the undersigned pursuant to Local Rule 302(c)(21).  Presently before the court is plaintiff's motion for leave to amend her self-styled second amended complaint.  ECF No. 58.

Rule 15(a) is very liberal and leave to amend "shall be freely given when justice so requires."  See Bowles v. Reade, 198 F.3d 752, 757 (9th Cir. 1999).  However, a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile.  Id. at 758; Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).

Plaintiff's motion seeks the court's permission to amend her self-styled second amended complaint, which is in fact her third amended complaint ("TAC").  ECF No. 60.  Plaintiff's TAC was filed on March 17, 2015.  ECF No. 46.  On March 31, 2015, defendants filed a motion to dismiss plaintiff's complaint.  ECF No. 47.  On May 27, 2015, the day of the court's hearing on

defendants' motion, plaintiff filed a motion for leave to amend her complaint. ECF No. 55. At the court's hearing the undersigned explained to plaintiff that her motion would be denied for failure to comply with Local Rule 137(c). The undersigned also explained that plaintiff need not re-file her motion because the court's findings and recommendations disposing of defendants' motion to dismiss would address whether plaintiff should be granted leave to amend.

Nevertheless, on June 3, 2015, plaintiff filed a motion for leave to amend.[1] ECF No. 58. A day later, the court issued its findings and recommendations recommending that defendants' motion to dismiss be granted without leave to amend because leave to amend would be futile. ECF No. 60. In light of the court's finding that granting plaintiff leave to amend her TAC would be futile it will deny plaintiff's motion for leave to amend. If plaintiff objects to the court's recommendation that her TAC be dismissed without leave to amend she may file objections up until June 18, 2015. See ECF No. 60. Those objections will be considered by the presiding district judge before he issues an order responding to the court's findings and recommendations. If the presiding district judge does not adopt the court's recommendation that plaintiff's TAC be dismissed without leave to amend, plaintiff will then be given another opportunity to file an amended complaint.

Accordingly, THE COURT HEREBY ORDERS that plaintiff's motion for leave to amend, ECF No. 58, is DENIED.

DATED: June 4, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's motion does not notice a date for hearing and, accordingly, does not comply with Local Rule 230(b).

2