UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA GRACE MCDANIEL, | No. 2:13-cv-02653-MCE-AC |
| Plaintiff, | |
| v. | ORDER |
| DANIEL POWELL, et al., | |
| Defendants. | |

This matter is before the undersigned pursuant to Local Rule 302(c)(21). On June 18, 2015, plaintiff filed a motion for reconsideration of the court's June 5, 2015, order denying her motion for leave to amend.[1] ECF No. 63. The court will deny plaintiff's motion because it does not point to any new facts, circumstances, or law relevant to the court's order.

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925–26 (9th Cir. 1988). Nor is reconsideration to be used

---

[1] It is somewhat difficult to determine, based on plaintiff's motion, which of the court's orders she is asking it to reconsider. However, because plaintiff relies primarily on arguments relating to why she failed to attach a proposed amended complaint to her May 27, 2015, motion for leave to amend, the court considers it a motion to reconsider its order denying that motion.

1

1 to ask the court to rethink what it has already thought. United States v. Rezzonico, 32 F. Supp. 2d
2 1112, 1116 (D. Ariz. 1998). "A party seeking reconsideration must show more than a
3 disagreement with the Court's decision, and recapitulation of the cases and arguments considered
4 by the court before rendering its original decision fails to carry the moving party's burden." U.S.
5 v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

6 Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick
7 Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th
8 Cir. 1983). To succeed, a party must set forth facts or law of a strongly convincing nature to
9 induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield,
10 634 F. Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds
11 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 230(j)
12 requires a party to show the "new or different facts or circumstances claimed to exist which did
13 not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

14 In her motion, plaintiff argues that the court should reconsider its order denying her
15 motion for leave to amend because she was misled on two occasions. First, she states she was
16 incorrectly told by a court clerk when she was preparing to file her motion for leave to amend that
17 she did not need to attach her proposed complaint. ECF No. 63 at 1–2. Second, she states that
18 she was misled by the undersigned as to what title to give her amended complaint. Id. at 2–3.

19 Neither of plaintiff's arguments provide a basis for reconsidering the court's order.
20 Plaintiff's first argument seems to be based on the assumption that the court would have granted
21 her May 27, 2015, motion for leave to amend if she had attached her proposed amended
22 complaint. Because plaintiff omitted her proposed complaint on the advice of a court employee,
23 plaintiff believes that her motion should be reconsidered and granted. The most obvious problem
24 with this argument is that plaintiff does not attach the proposed amended complaint to her motion
25 for reconsideration. Consequently, the court has no way of knowing whether it would have
26 granted plaintiff's motion for leave to amend if she had attached the proposed amended complaint
27 ////
28 ////

at issue.[2]

Plaintiff's second argument, that the court misled her with regards to the appropriate caption for her proposed amended complaint, is also without merit. As the court explained at its May 27, 2015, hearing on defendants' motion to dismiss, its previous order dismissing plaintiff's second amended complaint with leave to amend mistakenly instructed her to entitle her next amended complaint "Second Amended Complaint," instead of "Third Amended Complaint." See ECF No. 45 at 15. Plaintiff entitled her next amended complaint "Second Amended Complaint," per the court's order. ECF No. 46. This titling error did not prejudice plaintiff in any way and accordingly the court's instruction to do so does not constitute a basis for reconsidering the court's denial of leave to amend.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration, ECF No. 63, is DENIED.

DATED: July 16, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2] If the proposed amended complaint plaintiff almost attached was the complaint attached to her June 3, 2015, motion for leave to amend, ECF Nos. 58, 59, then it is clear that the court would **not**, in fact, have granted her motion. The court denied plaintiff's June 3, 2015, motion for leave to amend on June 5, 2015, because it determined based on the proposed amended complaint that leave to amend would be futile. ECF No. 61.