UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA MCDANIEL, | No. 2:13-cv-02653-MCE-AC |
| Plaintiff, | |
| v. | **ORDER** |
| DANIEL POWELL, et al., | |
| Defendants. | |

On July 29, 2015, this Court dismissed Plaintiff Tanya McDaniel's ("Plaintiff) lawsuit without leave to amend, and entered judgment. ECF Nos. 60, 67. Plaintiff filed a notice of appeal, ECF No. 68, and the Ninth Circuit has referred the matter back to this Court "for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." ECF No. 71 (citing 28 U.S.C. § 1915(a)(3)); see also Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of forma pauperis status is appropriate where district court finds the appeal to be frivolous).

Plaintiff's complaint is premised on violations of her constitutional rights stemming from a traffic ticket she received from the Davis Police Department on July 26, 2013. ECF No. 46 at 3. Plaintiff alleges that she feared for her safety during this traffic stop, in part because she had endured harassment from the police department for years. Id. at 6–10. During the traffic stop,

1

1  Plaintiff alleges that Officers John Vignau and Daniel Powell yelled at her, and in doing so
2  exacerbated her post-traumatic stress disorder.  Id. at 4.
3      The Court held that these facts were insufficient to state § 1983 claims based on Plaintiff's
4  constitutional rights to freedom from unreasonable searches and seizures, due process, and equal
5  protection.  ECF Nos. 60, 67.  The Court dismissed Plaintiff's claims based on her constitutional
6  right to freedom from unreasonable searches and seizures because she did not allege the use of
7  anything beyond a de minimus use of force by Officers Vignau and Powell during the traffic stop.
8  ECF No. 60 at 6.  Plaintiff did allege the use of force during earlier incidents by members of the
9  Davis Police Department, but those incidents all took place outside of § 1983's two year statute of
10 limitations.  Id. at 4; Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).
11     In addition, the Court held that Plaintiff's equal protection claims failed because she did
12 not allege any facts showing that Officers Vignau and Powell acted with racial animus when they
13 stopped her.  ECF No. 60 at 7.  The Court also held Plaintiff failed to state a due process claim
14 based on the department's treatment of her complaints because she did not identify any process
15 she was entitled to and deprived of.  Id. at 9.  Finally, the Court held that Plaintiff failed to state a
16 claim based on the police department's failure to train because she did not allege anything beyond
17 a bare assertion that the department had failed in its mission to "protect and serve."  Id. at 8, 10.
18 The Court also declined to exercise jurisdiction over Plaintiff's supplemental state law claims.  Id.
19 at 11–12.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

This Court is aware of no good-faith, non-frivolous basis for an appeal of this ruling, as the facts are clearly insufficient to state a § 1983 claim for the violation of Plaintiff's constitutional rights. Accordingly, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3)(A), the Court certifies that Plaintiff's appeal is frivolous and her in forma pauperis status should be revoked.

IT IS SO ORDERED.

Dated: August 20, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT